UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Radio Activo Broadcasting, LLC,<br><br>　　　Plaintiff<br>v.<br><br>American Towers LLC, et al.,<br><br>　　　Defendants | Case No.: 2:25-cv-01505-JAD-BNW<br><br>**Order Setting Bond on Preliminary Injunction** |

　　　Plaintiff Radio Activo Broadcasting, LLC sues American Towers, LLC and Insite Towers, LLC over their alleged threats to decommission a tower used to broadcast Radio Activo's commercial radio station in violation of the parties' license agreement. I previously granted in part Radio Activo's motion for a temporary restraining order (TRO) and prohibited the defendants from decommissioning, dismantling, or removing the tower.[1] After a hearing, I converted that TRO to a preliminary injunction and ordered the parties to file supplemental briefs concerning the appropriate bond amount to secure that injunction.[2]

　　　The parties filed the supplemental briefs and seek drastically different bond amounts. The defendants argue that Radio Activo should post a $872,845.16 bond to cover its alleged rent and maintenance delinquencies, as well as the costs the defendants say they will incur to complete "extensive maintenance" to stabilize the tower and to continue leasing the land from the Bureau of Land Management (BLM) for the next three years (the defendants' estimate of how long it will take to litigate this case). The defendants' proposed bond amount also includes

---

[1] ECF No. 6.

[2] *See* ECF No. 10 (minute order re: preliminary-injunction hearing).

the "increased costs incurred by delaying" the removal of the tower, which the defendants calculate at an estimated inflation rate of 3%.[3] Radio Activo responds that $35,000–$40,000 is the appropriate bond amount to cover rent to the BLM for one year and a "modest inflation adjustment . . . on any potential takedown costs."[4] It argues that the additional costs that the defendants include are improper under Federal Rule of Civil Procedure (FRCP) 65(c). I conclude that the bond amount of $78,118.73 is appropriate to cover the defendants' rent expenses for two years, as well as two years of potential increased costs to take down the tower. Radio Activo must post that bond by noon on Friday, September 26, 2025, to keep this injunction in place.

## Discussion

FRCP 65(c) requires "security in an amount that the court considers just and proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."[5] District courts are "afforded wide discretion in setting the amount of a bond,"[6] and "the party affected by the injunction [bears the] obligation of presenting evidence that a bond is needed."[7] Damages stemming from a wrongful injunction (and thus, the bond amount to secure it) must be limited to those sustained "as a consequence of the injunction."[8]

---

[3] ECF No. 14 at 3.

[4] ECF No. 16 at 2.

[5] Fed. R. Civ. P. 65(c).

[6] *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003) (citing *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 733 (9th Cir. 1999)).

[7] *Id.* at 883.

[8] *See Matek v. Murat*, 862 F.2d 720, 733 (9th Cir. 1988), *abrogated on other grounds by Koch v. Hankins*, 928 F.2d 1471, 1476–78 (9th Cir. 1991); *see also* 11 Wright & Miller's Fed. Prac. & Proc. Civ. § 2954 (3d. ed.) (noting that a bond "will not include any damages . . . for claims against the party who instituted the action other than those directly attributable to the improvidently issued injunction").

2

I conclude that the only costs and potential damages that reasonably may be attributable to the limited injunction issued in this case is the cost of leasing the BLM land for the estimated time it will take to litigate this case and the increased costs of removing the tower at a later date. The defendants' argument that the bond should also include the alleged amount that Radio Activo owes in unpaid rent and maintenance charges is unpersuasive. That sum is contested and wholly unrelated to the injunction's limited purpose: prohibiting removal of the tower. Those alleged damages instead relate to the underlying contract claims in Radio Activo's complaint and the defendants' counterclaim and will be determined in the normal course of this litigation—they are not bound up in the limited injunction.[9]

The defendants have also failed to show that "extensive maintenance" to the tower is required before this litigation concludes. They cite a stabilization estimate from November 2024 that shows that the maintenance cost to complete repairs would be $318,255.00.[10] But there is no evidence in the record suggesting that those repairs must be completed within the timeframe of this case. Indeed, Radio Activo has submitted an engineer's report opining that such repairs are not crucial.[11] So I do not find that those speculative repair costs should be included in the bond amount.

The costs of leasing the land the tower sits on, and any increased costs of removing the tower at a later date, however, are directly related to the injunction and should be included in the

---

[9] The defendants support their argument that the alleged unpaid rent and maintenance costs should be included in the bond amount by largely rearguing the merits of the injunction. *See* ECF No. 14 at 5–6 (arguing that, because Radio Activo is "unlikely to succeed on the merits" of its contractual-breach claim, the bond should cover the defendants' alleged damages from Radio Activo's alleged breach). I do not revisit those arguments here, as they do not factor into the calculus for setting the bond amount.

[10] ECF No. 14-3 at 4.

[11] ECF No. 9-1.

3

bond amount. Radio Activo suggests that those costs should be calculated for one year, while the defendants seek a bond amount that covers a three-year time frame. Given the relatively straightforward nature of this contract dispute, I find that a two-year period for this case to play out is a reasonable estimate. The defendants represent that the annual rent for the land the tower sits on is $34,571.93.[12] So I find that any bond amount must include $69,143.86 to cover two years of rent expenses that the defendants must incur to keep the tower in its present location.

Defendants aver that it will cost approximately $147,370.65 to take down the tower. I find it appropriate to include likely increased costs for inflation to complete that work two years from now, which the defendants suggest should be calculated at 3%.[13] Radio Activo does not dispute that percentage.[14] So, accepting defendants' estimation of takedown costs and a 3% inflation rate, the bond amount will also include $8,974.87 for two years of inflated costs to dismantle the tower. Radio Activo thus must post a bond of $78,118.73 to secure the preliminary injunction.

## Conclusion

IT IS THEREFORE ORDERED that plaintiff **Radio Activo Broadcasting, LLC must post a bond of $78,118.73 by noon on September 26, 2025**, as security for the issuance of the preliminary injunction.

_____
U.S. District Judge Jennifer A. Dorsey
September 19, 2025

---

[12] ECF No. 14-1 at 2, ¶ 7.

[13] ECF No. 14 at 5 (citing *Consumer Price Index, West Region – July 2025*, U.S. Bureau of Labor Statistics (Aug. 12, 2025), https://www.bls.gov/regions/west/news-release/consumerpriceindex_west.htm).

[14] ECF No. 16 at 8.